**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE W., <br><br>           Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>           Defendant. | Civil Action No. 21-18959 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Lawrence W.'s ("Lawrence")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Lawrence's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.     BACKGROUND**

      In this appeal, the Court must answer three questions. *First*, does substantial evidence support Administrative Law Judge Mary Sparks's ("Judge Sparks") determination of a claimant's residual functional capacity ("RFC")? *Second*, did Judge Sparks err in relying on certain hypothetical questions posed to a vocational expert? *Finally*, was Judge Sparks's ruling

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

constitutionally defective under *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020)? The Court begins with a brief background of the procedural posture and decision by Judge Sparks.[2]

A.  **Procedural Posture**

Lawrence filed an application for disability insurance benefits on March 17, 2020, alleging an onset date of January 11, 2020. (AR 232-33.) The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 232-47.) Thereafter, Lawrence requested a hearing (*id.* at 276), and Judge Sparks held that hearing telephonically on February 24, 2021 (*id.* at 190-213). Judge Sparks issued a written opinion, in which she determined that Lawrence was not disabled. (*Id.* at 172-89.) Lawrence appealed that decision, and the Administration's Appeals Council affirmed Judge Sparks's decision. (*Id.* at 1-6.) This appeal followed. (ECF No. 1.) Lawrence filed his moving brief on February 28, 2022 (ECF No. 10), the Commissioner filed an opposition brief on March 3, 2022 (ECF No. 11), and Lawrence filed a reply brief on March 8, 2022 (ECF No. 12).

B.  **Judge Sparks's Decision**

In her March 17, 2021 decision, Judge Sparks held that Lawrence was not disabled under the prevailing Administration regulations. (*See generally* AR 177-89.) Judge Sparks set forth the five-step process for determining whether an individual is disabled. (*Id.* at 176-77 (citing 20 C.F.R. § 404.1520(a)).) At step one, Judge Sparks found that Lawrence had not "engaged in substantial gainful activity since the alleged onset date." (*Id.* at 177 (citing 20 C.F.R. § 404.1571).) At step two, Judge Sparks found that Lawrence suffered from several severe impairments, including Chronic Obstructive Pulmonary Disease/asthma, depressive disorder, anxiety disorder, and non-

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 5-1 through 5-10. This memorandum opinion will reference only page numbers in the Record without the corresponding ECF numbers.

2

material alcohol use disorder. (*Id.* at 177-78 (citing 20 C.F.R. § 404.1520(c)).) At step three, Judge Sparks determined that Lawrence did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 178-79 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) As a precursor to step four, Judge Sparks concluded that Lawrence had the RFC to "perform a full range of work at all exertional levels" but that he should "avoid concentrated exposure to irritants" and should perform "simple repetitive" and "low stress" jobs. (*Id.* at 179-83.) At step four, Judge Sparks concluded that Lawrence "is unable to perform any past relevant work." (*Id.* at 183 (citing 20 C.F.R. § 404.1565).) Finally, at step five, Judge Sparks concluded that "there were jobs that existed in significant numbers in the national economy" that Lawrence could perform. (*Id.* at 184-85 (citing 20 C.F.R. §§ 404.1569, 404.1569a(a)).)

This appeal concerns Judge Sparks's RFC and step-five determinations. As to the RFC, after outlining Lawrence's self-reported symptoms, Judge Sparks zeroed in on the little evidence Lawrence provided during the claimed disability period. As to his alcohol disorder, Judge Sparks noted that "treatment records following rehab document that the claimant reported still having an occasional beer" and that a November 2020 intake report indicated "not markedly limited" scores for anxiety and depression. (*Id.* at 181 (citing Exs. B9F, B10F).) As to Lawrence's complaints of daily panic attacks, Judge Sparks noted that "the record does not document these complaints." (*Id.* (noting that several treatment notes showed no complaints of panic attacks).) Similarly, Judge Sparks found that no evidence supported Lawrence's self-reports of headaches because "he [did] not treat with a neurologist nor has he required emergency room or hospital treatment" for headaches. (*Id.*) Judge Sparks also pinpointed that Lawrence "told his treating counselor in April 2020 that he was bored at home" (*id.* (citing Ex. B7F/50)) and that he "used his artistic creativity

3

as a treatment modality." Judge Sparks further noted that there is "a complete absence of evidence noting problems with lifting and carrying." (*Id.*)

Judge Sparks also discussed Lawrence's visits with his social worker and doctors. She noted that both supported that "medication [was] effective in resolving the claimant's suicidal ideations" and that no "clinical evidence [showed Lawrence] presenting as unkempt." (*Id.* at 182 (citing Ex. B1F/8, 10).) She also noted that those records showed brief interactions and "only provid[ed] some hand written notes of the claimant's statements." (*Id.* (citing Ex. B4F, B6F, B8F, and B9F).) Documentation from Lawrence's social worker showed, according to Judge Sparks, few clinical observations, "minimal" mental status examinations, and overall improvement. (*Id.* (citing Ex. B9F); *see also* AR 657-58 (describing Lawrence as "oriented" with "intact" judgment and "neutral" mood).) Overall, "the lack of support in the medical evidence for the overall allegations" convinced Judge Sparks that Lawrence was not disabled. (*Id.* at 183.)

Turning to step five, Judge Sparks consulted a vocational expert to determine whether jobs existed in the national economy for a hypothetical individual with Lawrence's characteristics and RFC. (*Id.* at 184.) The vocational expert returned with "a significant number of jobs" that Lawrence could perform. (*Id.*) Judge Sparks thus ruled that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 184-85.)

## II.    LEGAL STANDARD

### A.    Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).

To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "[']may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B.  Establishing Eligibility for Disability Insurance Benefits

To be eligible for disability insurance benefits, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute,

claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(h). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability insurance benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. *Id.* § 404.1520(a)(4)(iv). If claimants' RFC permit previous employment, claimants are not "disabled" and not entitled to disability insurance benefits. *Id.* § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments,

age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive disability insurance benefits. 20 C.F.R. § 404.1520(g).

## III. DISCUSSION

Lawrence appeals the Administration's Appeals Council's affirmance of Judge Sparks's decision. The centerpiece of his appeal is that both the Appeals Council and Judge Sparks erred in their RFC and step-five determinations. Separately, Lawrence argues that the Appeals Council's and Judge Sparks's decisions cannot stand because the Commissioner is unconstitutionally appointed. The Court considers each argument in turn.

### A.   Judge Sparks Did Not Err in Determining Lawrence's RFC.[3]

Lawrence asserts that Judge Sparks failed to consider two pieces of evidence in crafting the RFC: evidence of his headaches and evidence of his anxiety and depression.[4] Start with the headaches. The Commissioner contends (and Lawrence does not dispute in reply) that current Administration regulations permit ALJs to "establish a primary headache disorder as a [medically

---

[3] At times, Lawrence suggests that Judge Sparks erred at step two by failing to label certain impairments as severe. To the extent Lawrence makes that argument, the Court rejects it. Any error in step two regarding non-severity is harmless because Judge Sparks found severe impairments. "So long as the ALJ finds that 'any single impairment meets the severity threshold required at step two, any error the ALJ made in this determination was harmless.'" *Jennifer B. v. Kijakazi*, No. 20-20364, 2022 WL 577960, at *4 (D.N.J. Feb. 25, 2022) (citing *Auriemma v. Colvin*, No. 13-5947, 2015 WL 5097902, at *6 (D.N.J. Aug. 31, 2015)); *see also Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [plaintiff]'s favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless.").

[4] Lawrence also argues that Judge Sparks erred by including an RFC limitation that limited Lawrence to "no more than occasional supervisors after the initial training period." (AR 179.) Lawrence cites no record evidence for why Judge Sparks erred in imposing this limitation. The Court thus assumes this error (if any) was harmless and beneficial to Lawrence. *See Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *4 (D.N.J. Aug. 9, 2016) (concluding that "remand is not appropriate" when the "[p]laintiff points to no further evidence in the record to support their claim" (collecting cases)).

7

determinable impairment] by considering objective medical evidence (signs, laboratory findings, or both) from an [acceptable medical source]." *Soc. Sec. Ruling, SSR 19-4P*, 2019 WL 4169635, at *5 (Aug. 26, 2019). But ALJs cannot "establish secondary headaches (for example, headaches attributed to trauma or injury to the head or neck or to infection) as [medically determinable impairments]." *Id.* Because no dispute exists that Lawrence's headaches arose from trauma (a student headbutted him), prevailing regulations required Judge Sparks to consider the headaches as "symptoms of another medical condition." *Id.* at *3.

That's precisely how Judge Sparks analyzed Lawrence's complaints of headaches. She noted that Lawrence attributed his headaches to problems with lifting and carrying. (AR 181.) But she then noted that Lawrence pointed to no objective medical evidence to support that Lawrence's headaches were so crippling as to prevent him from lifting and carrying. (*See id.* ("[Lawrence] does not treat with a neurologist nor has he required emergency room or hospital treatment for such during the period in question.").) Left with no objective evidence, all Judge Sparks could rely on was Lawrence's subjective complaints of headaches. But failure to consider subjective complaints alone (which, in all events, Judge Sparks did) is not reversible error. *See Kellie F. v. Kijakazi*, No. 20-9013, 2022 WL 203242, at *5 (D.N.J. Jan. 24, 2022) (affirming ALJ when "the ALJ properly discounted [the p]laintiff's statements" and the "[p]laintiff merely relie[d] on her own speculation").

Further, the evidence that Lawrence claims Judge Sparks sidestepped is nothing more than self-reports of headaches or memorialized reports of headaches in treatment notes. (*E.g.*, AR 200-02, 443-44, 556, 606, 638, 642, 661.) "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them in his narrative report." *Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 879 (3d Cir. 2005) (citing *Craig v.*

*Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996)); *see also Morris v. Barnhart*, 78 F. App'x 820, 824-25 (3d Cir. 2003) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion." (citation omitted)). Nor do any of these sources explain how Lawrence's headaches led to a functional limitation. Rather, they explain that doctors have diagnosed Lawrence with chronic headaches. "A diagnosis alone, however, does not demonstrate disability." *Foley v. Comm'r of Soc. Sec.*, 349 F. App'x 805, 808 (3d Cir. 2009) (citing *Pet. of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990)); *see also Phillips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) ("[The claimant's] argument incorrectly focuses on the diagnosis of an impairment rather than the functional limitations that result from that impairment."). Nor does Lawrence dispute Judge Sparks's finding that he never visited a neurologist or an emergency room for his headaches. All told, Lawrence's scattershot references to the record fail to convince the Court that Judge Sparks erred in determining his RFC by overlooking a non-severe headache diagnosis.

  The same holds true for Lawrence's argument as to anxiety and depression. As a threshold matter, Lawrence makes this argument in a single paragraph—far from what the Court considers proper development of an argument on appeal. *See Ciongoli v. Comm'r of Soc. Sec.*, No. 15-7449, 2016 WL 6821082, at *1 (D.N.J. Nov. 16, 2016). In any event, Judge Sparks properly considered Lawrence's anxiety and depression and imposed an RFC limitation of "low stress jobs" accordingly. (AR 179.) Lawrence counters that Judge Sparks should have done more by accounting for his absenteeism and off-task time. (Pl.'s Moving Br. 13-14, ECF No. 10.) But here again, Lawrence points to nothing but subjective complaints. (*E.g.*, AR 198, 363-65, 390-91, 440, 647, 667.) Judge Sparks did not err by affording little weight to Lawrence's subjective complaints that were unadorned with objective medical evidence. *See Dominguez v. Saul*, No. 18-613, 2019

WL 6682138, at *7 (E.D. Pa. Dec. 6, 2019) ("[U]nder current Social Security guidelines, subjective complaints are considered unsubstantiated absent validation from objective medical evidence and therefore may be afforded little weight." (citing *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 205-06, 213-14 (3d Cir. 2019))).

**B.   Judge Sparks Did Not Err at Step Five.**

Lawrence next argues that Judge Sparks erred by relying on a vocational expert's testimony because both relied on data provided by the Dictionary of Occupational Titles ("DOT") to the exclusion of data provided by the Bureau of Labor Statistics ("BLS"). (Pl.'s Moving Br. 17-19.) For one, the Court is unaware if the BLS data was provided to Judge Sparks below. But even if it was, "the Code of Federal Regulations specifically lists the DOT as a source of 'reliable job information.'" *Hearn v. Comm'r of Soc. Sec.*, No. 18-10538, 2019 WL 2710790, at *7 n.5 (D.N.J. June 27, 2019) (quoting 20 C.F.R. § 404.1566(d)). Lawrence cites no authority requiring Judge Sparks to consider more than the DOT data. *See Sanabria v. Comm'r of Soc. Sec.*, No. 15-8963, 2017 WL 436253, at *4 (D.N.J. Jan. 31, 2017) ("A vocational expert may rely on the DOT, and the ALJ may rely on the VE's testimony to the extent it is consistent with the DOT." (collecting cases)). Any argument that Judge Sparks *should* have considered BLS data is just that—a normative argument that is improper for this Court to consider.

**C.   *Seila Law* Does Not Render Judge Sparks's Decision Constitutionally Defective.**

Lawrence's final argument regurgitates a familiar one in this Circuit. After *Seila Law LLC v. CFPB*, Lawrence argues, the Administration is unconstitutional because it is "led by a single head who serves for a longer term than the President and can only be removed from his position for cause." (Pl.'s Moving Br. 19 (citing 140 S. Ct. 2183 (2020)).) The Commissioner counters that

any constitutional defect is harmless because Lawrence cannot show that the defect harmed him. (Def.'s Opp'n Br. 10-15, ECF No. 11 (citing *Collins v. Yellin*, 141 S. Ct. 1761 (2021)).)

The Court need not spill more ink on this constitutional dispute. The near-uniform trend in this Circuit sides with the Commissioner: plaintiffs must show how the constitutional defect harmed the proceedings below. *See, e.g.*, *Mor v. Kijakazi*, No. 21-1730, 2022 WL 73510, at *3-5 (D.N.J. Jan. 7, 2022) ("[T]here must be an adequate nexus between the unconstitutional provision and the action at issue."); *Andino v. Kijakazi*, No. 21-2852, 2022 WL 1135010, at *5-7 (E.D. Pa. Apr. 18, 2022) ("Citing *Collins*, courts in this Circuit which have considered arguments such as the one raised by [the plaintiff] have agreed that *Seila Law* does not compel the vacating of a disability decision by the Social Security Commissioner where the plaintiff cannot show a nexus between his or her harm and the unconstitutional removal provision." (collecting cases)); *Kwasnik v. Kijakazi*, No. 21-8573, 2022 WL 2358424, at *9-11 (D.N.J. June 30, 2022) ("Plaintiff fails to argue a valid nexus between the unconstitutional removal restriction and [the p]laintiff's injuries."). The Court adopts the analyses and conclusions from these well-reasoned opinions. Under *Collins*, Lawrence must show a distinct injury connected to the removal statute found unconstitutional by *Seila Law*.

Recognizing this trend, Lawrence counters in reply that the defect caused "two specific additional injuries," including that Lawrence "did not receive the constitutionally valid adjudication . . . to which he was entitled" and that he "did not receive the constitutionally valid determination . . . to which he was entitled." (Pl.'s Reply Br. 1, ECF No. 12.) He goes on to argue, however, that those injuries really aren't injuries at all because "causation and harm should be presumed." (*Id.* at 3.) In other words, the Court should ignore the deafening authority to the contrary and assume that unconstitutionality alone renders Judge Sparks's decision defective. The

Court declines Lawrence's invitation to buck the clear trend. *See Lewis v. Comm'r of Soc. Sec.*, No. 21-1202, 2022 WL 1136687, at *5-6 (E.D. Pa. Apr. 18, 2022) (rejecting claimant's argument to presume injury as "misread[ing] the Supreme Court's holding in *Collins* and other cases on the issue"). Because Lawrence has not shown an injury stemming from the constitutional defect, the Court will affirm the Administration's rulings.

## IV.    CONCLUSION

Having reviewed the record as a whole, the Court affirms the affirmance of Judge Sparks's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**